[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this action against Greyhound Lines, Inc., a common bus carrier, plaintiff seeks to recover damages for personal injuries sustained when he was assaulted by a fellow passenger after being let off the bus, together with his assailant at a nonscheduled bus stop.
The defendant, bus operator, moves to strike the plaintiffs negligence complaint on the ground that the defendant owed no duty to ensure the plaintiffs safety at the location where the plaintiff was allegedly attacked and injured.
 I.
Certain relationships are protective by nature, requiring the defendant to guard his charge against harm from others. Thus, the duty of a carrier towards its passengers may require it to maintain order in its trains and stations, and to use reasonable care to prevent not only conduct which is merely negligent, but also physical attacks or thefts of property on the part of other passengers or strangers. W. Prosser W. Keeton, Torts (5th Ed. 1984) § 56, p. 383.
A common carrier of passengers for hire has the duty to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances, and this high degree of care is required during the period of a passenger's alighting as well as during transportation. Josephson v. Meyers, 180 Conn. 302, 305, 429 A.2d 877
(1980). The duty a common carrier owes to its passengers may, under certain circumstances, include giving a warning of dangerous conditions or of impending peril, and it is the duty of the cater to provide its passengers with a reasonably safe place to alight. Id. A common cater must render assistance where it becomes reasonably apparent that such CT Page 14867-a assistance is required for the safety of the passengers, even though no special request for assistance has been made. Ryan v. Peter Pan BusLines, 1999 WL 311474 (Conn.Super. 1999). "Fixing the boundaries of a common carrier's duty with respect to any particular set of circumstances is the responsibility of the courts. This involves a very delicate balancing of such circumstances as logic, common sense, science and public policy." Garcia v. Connecticut Transit Co., Superior Court, Judicial District of New Haven at New Haven, Docket No. 400885 (January 21, 1999, Levin, J.), quoting Blye v. Manhattan and Bronx Surface TransitOperating Authority, 124 App.Div.2d 106, 108-09, 511 N.Y.S.2d 612 (1987).
The plaintiffs allegation that the defendant owed the plaintiff a duty of protection from criminal assault in the area of New York City not under the custody or control of the defendant does, indeed, stretch the limits of traditional concepts of duty, even the heightened duty owed by a common carrier to its passenger. It is entirely appropriate to file a motion to strike as the proper procedural vehicle to test whether our court is ready to recognize a ground of liability not specifically previously recognized. Grady v. Guerin, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 160239 (April 23, 1998,Lewis, J.).
 II.
In this case the plaintiff has alleged that he informed the bus driver repeatedly that a fellow passenger was smoking and behaving in an aggressive and hostile manner and that the bus driver took no action. The plaintiff alleges that he requested that the driver call the police and that the driver replied that he had already placed a call to the police. The plaintiff alleges that when the driver stopped the bus to let the fellow passenger off at an undesignated stop, the plaintiff also alighted from the bus to look for the police, whom he believed had been summoned by the driver. It was then that the plaintiff was allegedly stabbed by the other passenger. The plaintiff also alleges confusion on his part as to whether the bus had in fact arrived at the terminal when it stopped because other passengers were standing up and retrieving their belongings. This unique combination of alleged facts is sufficient to withstand a motion to strike a complaint which alleges that the driver was negligent in making the unscheduled stop and in allowing passengers to disembark before the terminal and which further alleges that the driver lacked the training to manage the volatile situation that arose during the course of the trip.
In negligence cases like this, which are highly fact dependent, the CT Page 14867-b striking of complaints, like the granting of summary judgment, is disfavored. Bendowski v. Quinnipiac College, Superior Court, Judicial District of New Haven at Meriden, Docket No. 248346 (April 9, 1996,Silbert, J.). The facts alleged must be construed most favorably to the pleader. Craig v. Driscoll, 64 Conn. App. 699, 703 (2001).
Defendant's Motion to Strike is denied.
Wagner, JTR